### WILLIAMS v. McLENDON.

1. COSTS—STATUTES—SHERIFF'S SALES.—The right to costs rests upon statute, but two apparently inconsistent statutes of the same date should be so construed as to give effect to both; and so construing sections 746 and 2561 of 1 Revised Statutes, the sheriff is entitled to only two dollars when selling land as a mere auctioneer under decree of the court, but when he is the selling officer and disburses the proceeds, he is entitled to the same costs and commissions as are allowed to him when selling under execution.

Before NORTON, J., Florence, June, 1894.

Appeal by R. McLendon, sheriff, from order requiring him
to execute title deed to G. W. Williams, assignee of the bid
made by Kuker, the plaintiff, at a foreclosure sale in the case
of Kuker v. Perry.

*Mr. P. A. Wilcox*, for appellant.

*Messrs. McNeill & Hursey*, contra.

April 19, 1895.   The opinion of the court was delivered by

MR. JUSTICE POPE.   The title given to the appeal is mis-
leading.   There was no action between these parties.   It seems
that under the decree of his honor, Judge Izlar, in the action
of John Kuker, as plaintiff, against W. M. Perry *et al.*, as de-
fendants, R. McLendon, as sheriff of Florence County, in this
State, sold a tract of land, which was purchased by George W.
Williams at the price of $500.   When the said Williams ap-
plied to the said McLendon, as sheriff, for the execution of the
title to him for such tract of land, the said McLendon declined
to do so unless he would first pay his bill of costs of $13.25.
To this payment Williams demurred, unless the sum of $6.25
for commissions were stricken therefrom, tendering his costs
less this last named sum.   McLendon, as sheriff, stood upon
his rights, demanding his entire bill of costs.   Thereupon in
the action aforesaid of Kuker *v.* W. M. Perry *et al.*, a rule was
issued against such McLendon, as sheriff, requiring him to
show cause why he refused to make the title to Williams.   His
return to the rule set up his rights to these commissions.   After
a hearing was had, Judge Norton passed an order making the
rule absolute, denying these commissions to the said sheriff.
From this order the said McLendon, as sheriff, now appeals to
this court upon the single ground that it was error of law for
the Circuit Judge to deny these commissions to the said sheriff.

There is no question that, under the repeated adjudications
of this court, when one asserts his right to costs, he must, in
order to establish such claim, refer to a statutory provi-
sion setting up such claim.   The appellant recognizes

this rule in its fullest extent, and alleges that under section 746 of our civil statute law (1 Revised Statutes), he bases his claim. This section reads as follows: "All judicial sales shall be made by the sheriff, unless otherwise provided by law. In all such sales made by him his fees shall be the same as allowed by law on sales under execution. * * *" The commissions embraced in the bill of costs tendered to Williams, the purchaser, were intended to be such fees as allowed by law to a sheriff on sales under execution. The respondent, however, refers to *section 2561* of our "Civil Statute Laws" (1 Rev. Stat.), which provides that the sheriff shall be paid "for selling land under decree of court, in lieu of commissions and all other charges, except for advertising, two dollars. * * *" The history of this section 2561 seems to be about this: In 1870 (see 14 Stat., 324), the sheriff was required to make all sales of real and personal property ordered to be sold by the courts of common pleas and courts of probate, with the same fees therefor as was allowed under execution; and in 1878 (see 16 Stat., 629), this was so altered that for sales of land under decree of the probate court, the sheriff for selling land was allowed two dollars, in lieu of commissions and all other charges except for advertising. But in 1880 (see 17 Stat., 300), the word "probate" was stricken out, and sheriffs were required to accept two dollars for a sale of land under the decree of any court, in lieu of all commissions and other charges except for advertising.

The provisions of both the act of 1870 and that of 1880, *supra*, were retained in the act of the legislature known as the General Statutes, passed in 1882. In 1891 (see 20 Stat., 1250), the legislature provided that sheriffs of Lancaster, Georgetown, Charleston, Chester, Beaufort, and Lexington Counties shall be entitled to charge and receive the same commissions on moneys received and paid out arising from sales of property under a decree of the court as are now allowed the clerks of court in similar cases. The provisions of these acts above referred to are incorporated in the Revised Statutes of 1893, as sections 746 and 2561 thereof. It is contended that there is an incompatibility between these sections, viz: that while the section 746 allows the sheriffs the same fees for selling land under the decree of court as are pro-

vided when he sells property under the usual execution against property, on the one hand, and that which restricts his fees for such sales to two dollars under section 2561.   One of the principles governing courts in the construction of apparently divergent statutes seeming to relate to the same subject matter, and of the same date, is to first seek a construction that will give them both effect, if such course can be consistently taken. With this principle in view, an examination of these statutes will show that the latter act, section 2561, relates to the selling of land by the sheriff, as an auctioneer under a decree of court, and for this service his fee is restricted to two dollars.   But when the sheriff under a decree of the court both sells the land and then receives or collects the proceeds of such sale, this section 2561 does not provide the fees for such joint act, but section 746 is intended to supply the compensation for such services. It seems to us, therefore, that the Circuit Judge was in error, and the sheriff is entitled to his fees here contested.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the cause is remanded to the Circuit Court, where the rule prayed for by the relator shall be discharged.